ROBERT L. BLAND, Judge,
dissenting.
In my judgment no additional compensation should be allowed for berm width over and above six feet on either side of the eighteen foot road, for the reason that all such additional width was contemplated and provided for by the specifications and settlement therefor was included in the final estimates. The six feet berm widths specified on the typical cross sections were merely minimum widths.
*358 The specifications provided as follows:
“The bidder is required to examine carefully the site of, and the proposal, plans, specifications and contract forms for the work contemplated; it will be assumed that the bidder has investigated and is satisfied as to the conditions to be encountered for performing the work as scheduled or as at any time altered without resulting in increases or decreases of more than the restricting percentage hereinafter stipulated, and as to the character, quality and quantities of work to be performed and materials to be furnished including increases and decreases, and as to the requirements of these specifications, special provisions and contract. It is mutually agreed that submission of a proposal shall be considered prima facie evidence that the bidder is satisfied as to all the conditions and contingencies.”
Paragraph 4 of the contract under which the work was done reads:
“(4) The contractor further agrees that he is fully informed as to all conditions affecting the work to be done, as well as to the labor and materials to be furnished for the completion of this contract, and that such information was secured by personal investigation and research and not wholly from the estimates of the Engineer; and that he will make no claim against the said State by reason of estimates, tests or representations heretofore made by any officer or agent of the State.”
It was the duty of Monongah Construction Company before submitting its proposal to the state road commission to go upon the ground of the proposed project and familiarize itself with all of the conditions found to exist there, and with the knowledge thus acquired to submit its bid for the work to be done. This is not only required by the specifications, which form a part of the contract, but is embodied in the contract itself. It must be assumed, therefore, that Monongah Con *359 struction Company did go upon the premises and examine the topography of the proposed road and familiarize itself with all the conditions that should confront it if it should be awarded the contract to complete the project. With the knowledge thus acquired it submitted its bid to the state road commission and agreed to do all that was required by the plans and specifications for the sum of $159,499.00.
I may add that I find no warrant in the record to sustain the award made for the 150 feet of pipe. There is qúite a difference between making a claim and proving if. Apparently little attention was paid by Monongah Construction Company or Sam G. Polino & Company, its assignee, to the specifications. It is as important to protect the interests of the state as the interests of the claimant.
I would disallow both of the items for which the awards are made.